**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                              CASE NO. 26-01916-JAW

**HIGH STREET HOTEL GROUP, LLC**                 CHAPTER 11

Debtor

**EMERGENCY MOTION FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL; TO REQUIRE TURNOVER AND REDIRECTION OF HOTEL RECEIPTS; TO PROHIBIT POSTPETITION SWEEPS AND INTERCEPTION; AND FOR RELATED ADEQUATE-PROTECTION RELIEF**

High Street Hotel Group, LLC (the "Debtor"), as debtor and debtor-in-possession, moves pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 542, 552, 1107, and 1108 and Federal Rule of Bankruptcy Procedure 4001(b) for interim and final orders: (a) authorizing the Debtor to use cash collateral in accordance with an approved budget; (b) requiring the immediate redirection and turnover of postpetition hotel revenues and receivables to a debtor-in-possession account; (c) prohibiting continued postpetition sweeps, holds, interceptions, or setoffs of those revenues; and (d) granting replacement liens and other adequate protection. In support, the Debtor states as follows:

### JURISDICTION AND PROCEDURAL BACKGROUND

1.  This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (G), (K), and (M).

2.  The Debtor filed a voluntary petition under Chapter 11 on July 15, 2026 (the "Petition Date"). The Debtor remains in possession and continues operating under 11 U.S.C. §§ 1107 and 1108.

3.  The Debtor owns and operates a hotel located at 310 Greymont Avenue, Jackson, Mississippi (the "Hotel"). The Hotel is an operating business requiring uninterrupted access to daily room receipts, credit-card settlements, online-travel-agency remittances, and other operating revenues to pay payroll, utilities, insurance, taxes, supplies, maintenance, and other ordinary and necessary expenses.

4.  The Debtor requests an expedited interim hearing because hotel operations occur continuously, payroll and essential vendors must be paid, insurance coverage and utility

service are at risk, and continued interception of postpetition receipts would immediately impair the estate and the value of the Hotel.

## PARTIES CLAIMING INTERESTS IN CASH COLLATERAL

5.      The Debtor's review of the UCC records identifies the following entities that claim or may claim an interest in the Debtor's cash collateral:

- RSS BBCMS2017-C1 - MS HSH, LLC ("RSS"), which became the assignee of the mortgage lender's UCC financing statement by an assignment filed February 27, 2026;

- Wilmington Trust, National Association, as trustee for the registered holders of BBCMS Mortgage Trust 2017-C1, Commercial Mortgage Pass-Through Certificates, Series 2017-C1 ("Wilmington Trust"), the predecessor secured party of record and assignor to RSS;

- Rialto Capital Advisors, LLC and/or Rialto Mortgage Finance, LLC,; and

- The United States Small Business Administration ("SBA"), which filed a blanket lien covering, among other property, accounts, credit-card receivables, deposit accounts, general intangibles, proceeds, and collections.

6.      RSS, Wilmington Trust, and Rialto are referred to collectively as the "Mortgage Lender Parties." The Mortgage Lender Parties and SBA are collectively the "Cash Collateral Parties." The Mississippi Department of Revenue will also receive notice because it has asserted or may assert statutory tax liens. The Debtor reserves all rights concerning the validity, perfection, priority, scope, amount, and enforceability of every asserted lien or interest.

7.      The original mortgage-lender UCC filing, as supplemented, broadly describes collateral that includes Hotel revenues, room charges, credit-card receipts, accounts receivable, reserves, escrows, deposit accounts, the clearing account, reserve account, cash-management account, and proceeds. The SBA filing also broadly covers accounts, credit-card receivables, deposit accounts, general intangibles, proceeds, and collections.

8.      Accordingly, the Debtor seeks authority to use the affected funds without conceding that every dollar held or received is cash collateral, that any particular lien is valid or perfected, or that any asserted interest has the priority or extent claimed.

## CASH-MANAGEMENT SYSTEM AND INTERCEPTION OF RECEIPTS

9.  Before the Petition Date, Hotel revenues were directed through merchant processors, online travel agencies, clearing accounts, lockboxes, reserve accounts, and cash-management accounts controlled directly or indirectly by the Mortgage Lender Parties and their agents.

10. The Mortgage Lender Parties and their agents have intercepted, swept, withheld, or controlled operating revenues generated by the Hotel and have released funds only through a discretionary disbursement process. The Debtor has repeatedly requested funds for taxes, insurance, payroll, vendors, and basic Hotel operations.

11. The restricted funding process has caused or threatened material harm, including delayed vendor payments, deferred maintenance, shortages of operating supplies, threatened insurance cancellation, payroll disruption, and unpaid sales and occupancy taxes. The Mississippi Department of Revenue was advised that sales and occupancy taxes collected from Hotel guests had been deposited into the controlled cash-management system but were not funded for remittance. A tax lien was thereafter reported.

12. Postpetition Hotel receipts are property of the estate. Continued postpetition sweeping, interception, withholding, setoff, or exercise of control over those receipts would impede the Debtor's ability to operate and may violate the automatic stay. The Debtor therefore requests affirmative relief directing all recipients and intermediaries, upon notice of the interim order, to route postpetition Hotel receipts to the Debtor's designated debtor-in-possession account.

13. The requested redirection includes payments from credit-card processors, American Express, Visa and Mastercard processors, online travel agencies, booking platforms, franchisor or reservation-system remittances, accounts-receivable customers, and any clearing, lockbox, cash-management, reserve, or deposit account into which Hotel revenues are deposited. Ordinary merchant-processing fees and bona fide chargebacks may continue in the ordinary course.

## NECESSITY FOR CASH-COLLATERAL USE

14. The Hotel's going-concern value depends on uninterrupted operations. The Debtor must pay employees, utilities, insurance, franchise and reservation-system charges, taxes, housekeeping and linen expenses, security, maintenance, food and beverage costs, merchant fees, and other ordinary and necessary expenses.

15.   The Debtor has prepared a proposed 9-week cash-flow budget (the "Budget"), to be attached as Exhibit "A." The Debtor requests authority to collect and use cash collateral solely for the expenses and purposes reflected in the Budget, subject to a permitted variance of ten percent (10%) by line item and fifteen percent (15%) in the aggregate for each four-week period. Unused amounts may be carried forward.

16.   The Debtor also requests authority, subject to the Budget, to pay postpetition sales, occupancy, payroll, and other trust-fund taxes when due. The Debtor separately requests authority to address prepetition tax amounts only to the extent specifically shown in the Budget and authorized by further order or by the interim order after notice and hearing.

17.   Absent immediate authority, the Debtor will be unable to meet ordinary operating obligations, further deterioration will occur, and the value of the Hotel and all collateral will decline. Authorization preserves rather than diminishes collateral value.

## PROPOSED ADEQUATE PROTECTION

18.   As adequate protection, and solely to the extent a Cash Collateral Party held a valid, enforceable, perfected prepetition lien in cash collateral, the Debtor proposes:

- Replacement liens, effective as of the Petition Date, on postpetition cash collateral and proceeds of the same type and to the same extent, validity, and priority as the corresponding prepetition liens, subject to all objections, defenses, claims, and avoidance rights;

- Continuation of the prepetition lien-priority structure among the Cash Collateral Parties, without elevation or improvement of any party's prepetition position;

- Weekly delivery, upon request, of cash receipts and disbursement reports, bank statements, occupancy, ADR, and revenue reports, together with monthly operating reports required by the United States Trustee;

- Maintenance of insurance on the Hotel and compliance with ordinary-course tax and reporting obligations;

- Use of cash collateral only in accordance with the Budget and permitted variances; and

- Prompt access, on reasonable notice and during normal business hours, to financial records concerning use of cash collateral.

19. Replacement liens shall not attach to: (a) claims and causes of action under Chapter 5 of the Bankruptcy Code or their proceeds; (b) the Debtor's prepetition retainer held by bankruptcy counsel; (c) professional-fee retainers or amounts authorized for payment of estate professionals; or (d) property to which the applicable Cash Collateral Party did not have a valid prepetition lien, except by further order.

20. The Debtor does not request, and the proposed orders do not grant, any release, waiver, stipulation as to claim amount, waiver of surcharge rights under 11 U.S.C. § 506(c), waiver of the equities-of-the-case exception under 11 U.S.C. § 552(b), cross-collateralization, priming lien, superpriority administrative claim, or finding that any Cash Collateral Party is entitled to postpetition interest, fees, costs, or charges.

21. The proposed adequate protection is sufficient because the Budget funds expenses necessary to preserve the Hotel, its revenues, and its going-concern value. Each party asserting an interest retains the right to seek additional or different adequate protection upon appropriate notice and proof of diminution.

## TURNOVER AND STAY RELIEF

22. Section 542 requires an entity in possession, custody, or control of estate property that the Debtor may use under section 363 to deliver that property to the Debtor, subject to the protections provided by the Bankruptcy Code. Section 362 prohibits acts to obtain possession of, exercise control over, collect, or set off estate property and claims.

23. The Debtor requests that the interim order direct the Mortgage Lender Parties, SBA, all account banks, merchant processors, online travel agencies, reservation systems, and other persons with actual notice of the order and acting for or in concert with them to:

- cease all postpetition sweeps, debits, holds, setoffs, freezes, interceptions, or diversions of Hotel receipts, except ordinary merchant fees and bona fide chargebacks;

- redirect all postpetition Hotel receipts to the Debtor's designated DIP account identified in a written notice from Debtor's counsel;

- provide a complete accounting of all amounts held, swept, intercepted, or received from 12:01 a.m. on the Petition Date through the date of compliance; and

- turn over all postpetition Hotel receipts and other estate funds, subject to the replacement liens and Budget restrictions established by the order.

24.     To the extent prepetition reserve, clearing, or cash-management funds are property of the estate and may be used under section 363, the Debtor requests turnover of those funds to the DIP account.

25.     Nothing requested determines ownership of any disputed account, waives any right to seek turnover of additional funds, or adjudicates any asserted right of recoupment, setoff, or lien. Those matters remain reserved for the final hearing or separate proceedings.

## REQUEST FOR INTERIM RELIEF

26.     Rule 4001(b)(2) permits interim relief necessary to avoid immediate and irreparable harm pending a final hearing. The inability to collect and use daily Hotel revenues would cause immediate and irreparable harm to employees, guests, vendors, the estate, and all creditors.

27.     The Debtor requests interim authority through the final hearing and thereafter through September 11, 2026, unless extended by agreement or further order.

WHEREFORE, the Debtor requests entry of interim and final orders: (a) authorizing use of cash collateral under the Budget; (b) directing turnover and redirection of postpetition Hotel receipts; (c) prohibiting postpetition sweeps, setoffs, holds, and interception; (d) authorizing the establishment and use of debtor-in-possession accounts; (e) granting the limited adequate protection described above; (f) scheduling a final hearing; and (g) granting such other relief as is just and proper.

Respectfully submitted,

HIGH STREET HOTEL GROUP, LLC

By: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.,

Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A. Curry Calvillo (MSBN 104367)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion and all attachments were served on July 16, 2026, through the Court's CM/ECF system and by electronic mail and/or first-class mail on the 20 largest unsecured creditors, United States Trustee, and:

**RSS BBCMS2017-C1 - MS HSH, LLC**
c/o CT Corporation System
8927 Lorraine Rd, Ste 204-A
Gulfport, MS 39503

**Wilmington Trust, NA**
A subsidiary of M&T Bank
c/o CEO/Manager
One M&T Plaza
Buffalo, NY 14203

**Rialto Capital Advisors, LLC**
c/o CT Corporation System
8927 Lorraine Rd, Ste 204 A
Gulfport, MS 39503

**Rialto Capital Advisors, LLC**
c/o CT Corporation System
1200 S Pine Island Rd
Plantation, FL 33324

**Rialto Mortgage Finance, LLC**
c/o CT Corporation System
8927 Lorraine Rd, Ste 204 A
Gulfport, MS 39503

**Rialto Mortgage Finance, LLC**
c/o CT Corporation System
1200 S Pine Island Rd
Plantation, FL 33324

**Anthony Michael Shaw, Jones Walker**
c/o Jeffrey R. Barber
3100 N State St, Ste 300
Jackson, MS 39216

**Wells Fargo & Company**
c/o CEO
P.O. Box 63750
San Francisco, CA 94163

**United States Small Business Administration**
US Attorney General
US Dept of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

**SBA**
c/o US Attorney
501 E Court St. Ste 4.430
Jackson, MS 39201

**Mississippi Department of Revenue**
c/o MS Attorney General
550 High St
Jackson, MS 39201

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

Page 7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

HIGH STREET HOTEL GROUP LLC

CASE NO: 26-01916

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

On 7/16/2026, I did cause a copy of the following documents, described below,

Motion

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/16/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

HIGH STREET HOTEL GROUP LLC

CASE NO: 26-01916

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 7/16/2026, a copy of the following documents, described below,

Motion

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/16/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

RSS BBCMS2017-C1 - MS HSH, LLC
C/O CT CORPORATION SYSTEM
8927 LORRAINE RD, STE 204-A
GULFPORT, MS 39503

WILMINGTON TRUST, NA
A SUBSIDIARY OF M&T BANK
C/O CEO/MANAGER
ONE M&T PLAZA
BUFFALO, NY 14203

RIALTO CAPITAL ADVISORS, LLC
C/O CT CORPORATION SYSTEM
8927 LORRAINE RD, STE 204 A
GULFPORT, MS 39503

RIALTO CAPITAL ADVISORS, LLC
C/O CT CORPORATION SYSTEM
1200 S PINE ISLAND RD
PLANTATION, FL 33324

RIALTO MORTGAGE FINANCE, LLC
C/O CT CORPORATION SYSTEM
8927 LORRAINE RD, STE 204 A
GULFPORT, MS 39503

RIALTO MORTGAGE FINANCE, LLC
C/O CT CORPORATION SYSTEM
1200 S PINE ISLAND RD
PLANTATION, FL 33324

ANTHONY MICHAEL SHAW, JONES WALKER
C/O JEFFREY R. BARBER
3100 N STATE ST, STE 300
JACKSON, MS 39216

WELLS FARGO & COMPANY
C/O CEO
P.O. BOX 63750
SAN FRANCISCO, CA 94163

UNITED STATES SMALL BUSINESS ADMINISTRATION
US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVE NW
WASHINGTON, DC 20530

ACC BUSINESS
P.O BOX 5019
CAROL STREAM, IL 60197

AIS TRUST ACCOUNT
ALLIANT
P.O. BOX 744912
LOS ANGELES, CA 90074

ATMOS ENERGY CORP
P.O. BOX 650205
DALLAS, TX 75265

BOOKING.COM
5295 PAYSPHERE CIR
CHICAGO, IL 60674

CENTRIMARK CORPORATION
P.O. BOX 536254
PITTSBURGH, PA 15253

CITY OF JACKSON
P.O. BOX 23092
JACKSON, MS 39225

CITY OF JACKSON WATER
P.O. BOX 23092
JACKSON, MS 39225

DESAI COMPANIES, LLC
600 STEED RD
RIDGELAND, MS 39157

DESAI COMPANIES, LLC
600 STEED RD
RIDGELAND, MS 39157

SBA
C/O US ATTORNEY
501 E COURT ST. STE 4.430
JACKSON, MS 39201

MISSISSIPPI DEPARTMENT OF REVENUE
C/O MS ATTORNEY GENERAL
550 HIGH ST
JACKSON, MS 39201

HELMS BRISCOE
PO BOX 208976
DALLAS, TX 75320

HEWLETT PACKARD FINANCE
200 CONNELL DR STE 5000
BERKELEY HEIGHTS, NJ 07922

MALAR CONTRACT LIGHTIN
PO BOX 1211
MORRISTOWN, TN 37816

RYAN, LLC
P O BOX 848351
DALLAS, TX 75284

WATKINS, WARD, & STAFF
105 W WASHINGTON ST
STE A1
RIDGELAND, MS 39157

DESAI HOTEL GROUP
600 STEED RD
RIDGELAND, MS 39157

ENTERGY MISSISSIPPI
P.O. BOX 8105
BATON ROUGE, LA 70891

HINDS CO TAX COLLECTOR
P.O. BOX 1727
JACKSON, MS 39215

INTERCONTINENTAL HOTEL
3 RAVINA DR.
STE 100
ATLANTA, GA 30346

RIDGELAND HOTEL GRP
600 STEED RD
RIDGELAND, MS 39157

SYSCO JACKSON, LLC
P.O. BOX 2900
JACKSON, MS 39207