**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                                                                    CASE NO. 26-01916-JAW
HIGH STREET HOTEL GROUP, LLC,                                                            CHAPTER 11
      Debtor.

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL;**
**REQUIRING TURNOVER AND REDIRECTION OF HOTEL RECEIPTS;**
**PROHIBITING POSTPETITION SWEEPS AND INTERCEPTION;**
**GRANTING LIMITED ADEQUATE PROTECTION; AND SETTING FINAL HEARING**

This matter came before the Court on the Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral; to Require Turnover and Redirection of Hotel Receipts; to Prohibit Postpetition Sweeps and Interception; and for Related Adequate-Protection Relief (DK#__), (the "Motion"). The Court, having reviewed the Motion, the evidence and representations presented, and the record, finds that notice was sufficient for interim relief; that immediate relief is necessary to avoid immediate and irreparable harm; and that the relief granted below is in the best interests of the estate and creditors. It is therefore ORDERED:

1.     The Motion is GRANTED on an interim basis as provided in this Order. Capitalized terms not defined herein have the meanings stated in the Motion.

2.     The Debtor is authorized under 11 U.S.C. § 363(c)(2) to collect and use cash collateral through September 11, 2026, solely in accordance with the 9-week budget attached as Exhibit "A" (the "Budget"), subject to a variance of ten percent (10%) by line item and fifteen percent (15%) in the aggregate for each four-week period. Unused amounts may be carried forward.

3.     The Debtor may pay ordinary and necessary postpetition operating expenses reflected in the Budget, including payroll, utilities, insurance, taxes, franchise and reservation-system

charges, merchant fees, supplies, housekeeping and linen expenses, maintenance, security, and other expenses necessary to preserve and operate the Hotel.

4. No authority is granted by this interim Order to pay prepetition claims except: (a) amounts expressly identified as prepetition amounts in the Budget and specifically authorized at the interim hearing; or (b) amounts authorized by a separate order of this Court.

## REDIRECTION AND TURNOVER OF RECEIPTS

5. Effective immediately upon actual notice of this Order, RSS BBCMS2017-C1 - MS HSH, LLC; Wilmington Trust, National Association, as trustee; Rialto Capital Advisors, LLC; Rialto Mortgage Finance, LLC; their master servicers, special servicers, subservicers, cash-management agents, and account banks; SBA; and all persons acting for or in active concert with them shall cease postpetition sweeps, debits, holds, setoffs, freezes, interceptions, or diversions of Hotel receipts and estate funds, except ordinary merchant-processing fees and bona fide chargebacks.

6. Within two (2) business days after actual notice of this Order, each Mortgage Lender Party and each entity holding or controlling Hotel receipts shall provide Debtor's counsel an accounting of all amounts held, swept, intercepted, transferred, or received from 12:01 a.m. on the Petition Date through the date of compliance, identifying the source, date, destination, and disposition of each amount.

7. All postpetition Hotel receipts and other estate funds held or received after the Petition Date shall be turned over to the Debtor's DIP account within two (2) business days after actual notice of this Order, subject to the replacement liens and restrictions established herein.

## ADEQUATE PROTECTION

8. To the extent, and only to the extent, that a Cash Collateral Party held a valid, enforceable, and perfected prepetition lien in cash collateral, that party is granted a replacement lien on postpetition cash collateral and proceeds of the same type and to the same extent, validity, and priority as its corresponding prepetition lien, subject to all objections, defenses, claims, and avoidance rights.

9.     The relative priority of replacement liens shall mirror the valid prepetition priority of the underlying liens. Nothing in this Order improves, elevates, expands, or cross-collateralizes any party's prepetition position.

10.    Replacement liens do not attach to: (a) claims or causes of action under Chapter 5 of the Bankruptcy Code or their proceeds; (b) the Debtor's prepetition retainer held by bankruptcy counsel; (c) professional-fee retainers or funds authorized for payment of estate professionals; or (d) property to which the applicable party did not have a valid prepetition lien, absent further order.

11.    The Debtor shall: (a) maintain insurance on the Hotel; (b) timely pay postpetition trust-fund and operating taxes as provided in the Budget; (c) maintain books and records; (d) file monthly operating reports; and (e) furnish weekly cash receipts and disbursement reports and, upon reasonable request, occupancy, ADR, revenue, and bank-account reports to the Cash Collateral Parties.

12.    The Debtor shall not use cash collateral for owner distributions, insider loans, or payments outside the ordinary course except as expressly authorized by the Budget or further order.

## RESERVATIONS AND LIMITATIONS

13.    This Order does not constitute or contain: (a) an admission or adjudication of the amount, validity, perfection, priority, or extent of any claim or lien; (b) a release or waiver of estate claims; (c) a waiver of rights under 11 U.S.C. §§ 506(c), 510, 544-553, or the equities-of-the-case exception in § 552(b); (d) a finding of entitlement to postpetition interest, fees, expenses, or charges; (e) a priming lien; (f) a superpriority administrative claim; or (g) approval of any waiver, indemnity, default provision, or remedy not expressly stated herein.

14.    The Debtor and all parties in interest reserve all rights to challenge the amount, validity, perfection, priority, scope, or enforceability of any asserted claim or lien and to seek avoidance, recovery, surcharge, marshaling, equitable subordination, or other relief.

15.    Any Cash Collateral Party may seek additional or different adequate protection upon notice and proof of a postpetition diminution in the value of its interest. The Debtor may seek modification of the Budget or this Order upon notice appropriate under the circumstances.

16.   Nothing herein authorizes a party to exercise control over estate property or continue any collection, setoff, sweep, interception, or foreclosure activity prohibited by 11 U.S.C. § 362.

## FINAL HEARING AND NOTICE

17.   A final hearing on the Motion is set for _____, 2026, at _____ _.m., in the United States Bankruptcy Court for the Southern District of Mississippi, _____.

18.   Objections to final relief must be filed and served no later than _____, 2026, at _____ _.m. Any objection must state with specificity the relief opposed and the factual and legal basis for the objection.

19.   The Debtor shall promptly serve this Order and notice of the final hearing on the United States Trustee, the Cash Collateral Parties, the Mississippi Department of Revenue, and all parties requesting notice.

20.   This Court retains jurisdiction to interpret, implement, and enforce this Order.

##END OF ORDER##

Submitted by:

Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A. Curry Calvillo (MSBN 104367)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com