_____

**SO ORDERED,**

*Jamie A. Wilson*

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: July 27, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CASE NO. 26-01916-JAW** |
| **HIGH STREET HOTEL GROUP, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

## AGREED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter came before the Court on the Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral; to Require Turnover and Redirection of Hotel Receipts; to Prohibit Postpetition Sweeps and Interception; and for Related Adequate-Protection Relief (DK# 11) (the "Motion"). The Debtor, RSS BBCMS2017-C1 - MS HSH, LLC (the "Lender"), and the United States Trustee have agreed to the interim relief stated below. Also appearing at the hearing were Sylvie D. Robinson on behalf of the Mississippi Department of Revenue and James E. Graves, III on behalf of the United States Small Business Administration. The Court finds that notice is sufficient for interim relief and that entry of this Order is in the best interests of the estate and its creditors. It is therefore ORDERED:

1.      The Motion is granted on an interim basis as provided in this Order.

2.      Lender has a valid, first priority lien on the Hotel and all of the Debtor's cash collateral.  For the thirty-day interim period ending August 19, 2026, unless extended by agreement

#112103929v1

or further order of the Court, the Debtor is authorized under 11 U.S.C. § 363(c)(2) to collect and use cash collateral solely for reasonable and necessary operating expenses in accordance with the budget attached hereto as Exhibit A (the "Budget").

3.      Notwithstanding anything in the Motion, the Budget, or this Order to the contrary, the Debtor is specifically authorized to use cash collateral to pay the payroll, related payroll taxes and withholdings, employee-benefit obligations, and payroll-processing charges for the payroll period of July 1 through July 15, 2026, with a July 24, 2026 pay date, by funding Invoice No. 835713 in the total amount of $21,439.93. This authorization applies notwithstanding that some or all of the covered obligations may have arisen before the Petition Date, and the payment shall be deemed an authorized expenditure under the Budget.

4. Any and all monies withheld from employees or collected from others in trust under Mississippi State Law shall not be the cash collateral of any party and any liens or lien rights granted to any party shall not attach to these monies. The Debtor is required to operate its business in accordance with state law while in bankruptcy and in accordance with the terms of the Tax Order (Dkt. #7). Upon request by MDOR's counsel, the Debtor shall promptly make available records related to Debtor's compliance with the Tax Order. MDOR may seek additional relief with respect to the trust fund monies.

5.      The Lender and its servicers and agents shall release to the Debtor's debtor-in-possession account all funds held in the cash-management account, which account has an estimated balance of $367,393.55, less $33,516.35 to be applied as the first adequate-protection payment. Accordingly, the estimated net amount to be transferred to the Debtor is $333,877.20. For the avoidance of doubt, the Lender may retain for the time being the separate reserve-account with an estimated balance of $158,596.50, real estate tax escrow account with an estimated balance

#112103929v1

of $6,722.07 and insurance escrow account with a balance of $27,387.31, subject to further order of the Court or agreement of the parties.

6.      The Debtor shall pay the Lender additional adequate-protection payments of $33,516.35 every thirty days after the first payment until confirmation of a plan, dismissal of this case, or further order of the Court.

7.      To the extent the Lender held a valid, enforceable, and perfected prepetition lien in cash collateral, the Lender is granted a replacement lien on postpetition cash collateral and proceeds of the same type and with the same validity, priority, and extent as its prepetition lien.

8.      During the interim period, the Debtor shall maintain insurance coverage on the Hotel. The Debtor is specifically authorized to use cash collateral to pay $6,436.34 as the Debtor's allocated portion of the June 2026 property-insurance premium and to continue paying the allocated premium monthly thereafter as the Debtor's allocated portion of each monthly property-insurance premium installment coming due during the interim period. This authorization applies notwithstanding that the June 2026 premium obligation arose or became due before the Petition Date. The applicable property-insurance policy is maintained as part of a master insurance program issued in the name of Desai Hotel Group, LLC that provides coverage for the Debtor's Hotel and certain nondebtor affiliated hotels under common ownership. The amounts authorized under this paragraph represent only the portion of the property-insurance premium allocated to the Debtor's Hotel, and nothing in this Order authorizes the Debtor to pay any portion of an insurance premium attributable to a nondebtor affiliate. The Debtor shall also maintain its books and records, remain current on postpetition taxes as provided in the Budget, and provide the Lender weekly cash-receipts and disbursement reports and reasonable access to occupancy, revenue, and bank-account information. The Debtor shall promptly furnish such additional reporting as the Lender may reasonably request.

#112103929v1

9.      The Debtor shall not use cash collateral for owner distributions, insider loans, or payments outside the ordinary course except as authorized by the Budget or further order of the Court.

10.      All parties reserve their rights concerning the final use of cash collateral, the Budget, adequate protection, the unapplied funds, and all claims, liens, defenses, and remedies not expressly resolved by this interim Order.

11.      The final hearing on the Motion is set for Wednesday, August 19, 2026, at 10:00 a.m., at the Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4C, 501 E. Court Street, Jackson, Mississippi.

12.      The Court retains jurisdiction to interpret and enforce this Order.

##END OF ORDER##

Approved by:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.
Counsel for the Debtor

/s/ Chad J. Hammons
Chad J. Hammons
Counsel for RSS BBCMS2017-C1 - MS
HSH, LLC

/s/ Abigail M. Marbury
Abigail M. Marbury
ASSISTANT U.S. TRUSTEE

/s/ Sylvie D. Robinson
Sylvie D. Robinson
Counsel for the Mississippi Department of
Revenue

/s/ James E. Graves, III
James E. Graves, III
Counsel for the United States Small Business
Administration

#112103929v1

Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A. Curry Calvillo (MSBN 104367)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtor

Chad J. Hammons, MSB No. 10419
JONES WALKER LLP
190 East Capitol Street, Suite 800 (39201)
P.O. Box 427
Jackson, MS 39205-0427
Telephone: (601) 949-4975
Facsimile: (601) 709-8654
Email: chammons@joneswalker.com
Counsel for RSS BBCMS2017-C1 - MS HSH, LLC

ABIGAIL M. MARBURY (MSB #99626)
ASSISTANT U.S. TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI 39201
TEL: (601) 965-5245
EMAIL: abigail.m.marbury@usdoj.gov

Sylvie D. Robinson (MSB #8931)
MISSISSIPPI DEPARTMENT OF REVENUE
Post Office Box 22828
Jackson, MS 39225-2828
Telephone: (601) 923-7412
Facsimile: (601) 923-7423
E-mail: sylvie.robinson@dor.ms.gov
Counsel for the Mississippi Department of Revenue

James E. Graves, III (MSBN 102252)
Assistant United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
(601) 965-4480 (Phone)
(601) 965-4032 (Fax)
james.graves@usdoj.gov
Counsel for the United States Small Business Administration

#112103929v1

**High Street Hotel Group, LLC — JANGM Revised 9-Week Cash Collateral Budget**

*Holiday Inn Express & Suites Jackson Downtown Coliseum | July 16–September 16, 2026*

Revenue reset to JANGM-only July–September 2026 revenue-management forecast; expenses normalized to FY2025 actual operating ratios and fixed-cost run rates.

| Key Assumption | Value | Unit / Basis | Source / Ratio | Control Check | Revised 9-Wk | Original 9-Wk | Change | FY2025 9-Wk E | Comment |
|---|---|---|---|---|---|---|---|---|---|
| Sellable rooms per week | 742.0 | room nights | Existing 9-week budget compariso | Rooms Sold | 3,439 | 4,758 | (1,319) | 3444.20137 | Revised follows RM forecast rather than unexplained post-Wk-4 occupancy increase |
| July occupancy | 0.5 | % | JANGM July RM forecast | Occupancy | 51.5% | 71.2% | (19.7%) | 0.515753425 | Revised weighted occupancy |
| August occupancy | 0.5 | % | JANGM August RM forecast | ADR | $101.00 | $82.42 | $18.58 | 94.23112488 | Revised aligns to RM forecast |
| September occupancy | 0.4 | % | JANGM September RM forecast | Rooms Revenue | $347,356 | $392,150 | ($44,794) | 324550.9694 | Revised revenue is no longer 20.8% above FY2025 equivalent |
| ADR | 101.0 | $ / occupied room | Conservative 27.0% of rooms reve | Rooms Expense | $93,786 | $163,352 | ($69,566) | 83819.4032 | Includes a 117 bps cushion above FY2025 actual room-expense ratio |
| Adequate protection payment | 0.0 | $ in operating bu | Excluded pending negotiated/court-approved treatment; show separately if ordered | | | | | | |

| Line Item | WK 1 07/16-07/22 | WK 2 07/23-07/29 | WK 3 07/30-08/05 | WK 4 08/06-08/12 | WK 5 08/13-08/19 | WK 6 08/20-08/26 | WK 7 08/27-09/02 | WK 8 09/03-09/09 | WK 9 09/10-09/16 | 9-Wk Total |
|---|---|---|---|---|---|---|---|---|---|---|
| **OPERATING STATISTICS** | | | | | | | | | | |
| Rooms Available | 742 | 742 | 742 | 742 | 742 | 742 | 742 | 742 | 742 | 6,678 |
| Occupancy | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 0 | 0 | 1 |
| Rooms Sold | 394 | 394 | 394 | 407 | 407 | 407 | 407 | 315 | 315 | 3,439 |
| ADR | $101.00 | $101.00 | $101.00 | $101.00 | $101.00 | $101.00 | $101.00 | $101.00 | $101.00 | $101.00 |
| RevPAR | $53.63 | $53.63 | $53.63 | $55.35 | $55.35 | $55.35 | $55.35 | $42.93 | $42.93 | $52.02 |
| **OPERATING REVENUE** | | | | | | | | | | |
| Rooms Revenue | $39,794 | $39,794 | $39,794 | $41,068 | $41,068 | $41,068 | $41,068 | $31,850 | $31,850 | $347,356 |
| Minor Operating Departments | $123 | $123 | $123 | $127 | $127 | $127 | $127 | $99 | $99 | $1,077 |
| Miscellaneous Income | $151 | $151 | $151 | $156 | $156 | $156 | $156 | $121 | $121 | $1,320 |
| **Total Operating Revenue** | **$40,069** | **$40,069** | **$40,069** | **$41,352** | **$41,352** | **$41,352** | **$41,352** | **$32,070** | **$32,070** | **$349,753** |
| **DEPARTMENTAL EXPENSES** | | | | | | | | | | |
| Rooms Expense | $10,744 | $10,744 | $10,744 | $11,088 | $11,088 | $11,088 | $11,088 | $8,600 | $8,600 | $93,786 |
| Minor Operating Dept. Expense | $76 | $76 | $76 | $79 | $79 | $79 | $79 | $61 | $61 | $665 |
| **Total Departmental Expenses** | **$10,821** | **$10,821** | **$10,821** | **$11,167** | **$11,167** | **$11,167** | **$11,167** | **$8,661** | **$8,661** | **$94,452** |
| **Total Departmental Profit** | **$29,248** | **$29,248** | **$29,248** | **$30,184** | **$30,184** | **$30,184** | **$30,184** | **$23,410** | **$23,410** | **$255,301** |
| **UNDISTRIBUTED OPERATING EXPENSES** | | | | | | | | | | |
| Administrative & General | $4,485 | $4,485 | $4,485 | $4,485 | $4,485 | $4,485 | $4,485 | $4,485 | $4,485 | $40,367 |
| Information & Telecom Systems | $1,297 | $1,297 | $1,297 | $1,297 | $1,297 | $1,297 | $1,297 | $1,297 | $1,297 | $11,677 |
| Sales & Marketing | $4,076 | $4,076 | $4,076 | $4,076 | $4,076 | $4,076 | $4,076 | $4,076 | $4,076 | $36,687 |
| Property Operations & Maintenance | $1,996 | $1,996 | $1,996 | $1,996 | $1,996 | $1,996 | $1,996 | $1,996 | $1,996 | $17,964 |
| Energy, Water & Waste | $3,594 | $3,594 | $3,594 | $3,594 | $3,594 | $3,594 | $3,594 | $3,594 | $3,594 | $32,349 |
| **Total Undistributed Expenses** | **$15,449** | **$15,449** | **$15,449** | **$15,449** | **$15,449** | **$15,449** | **$15,449** | **$15,449** | **$15,449** | **$139,044** |
| **Gross Operating Profit** | **$13,799** | **$13,799** | **$13,799** | **$14,735** | **$14,735** | **$14,735** | **$14,735** | **$7,960** | **$7,960** | **$116,258** |
| **NON-OPERATING EXPENSES** | | | | | | | | | | |
| Property & Other Taxes | $1,298 | $1,298 | $1,298 | $1,298 | $1,298 | $1,298 | $1,298 | $1,298 | $1,298 | $11,679 |
| Insurance | $2,336 | $2,336 | $2,336 | $2,336 | $2,336 | $2,336 | $2,336 | $2,336 | $2,336 | $21,020 |
| Other Non-operating | $801 | $801 | $801 | $801 | $801 | $801 | $801 | $801 | $801 | $7,208 |
| **Total Non-operating Expenses** | **$4,434** | **$4,434** | **$4,434** | **$4,434** | **$4,434** | **$4,434** | **$4,434** | **$4,434** | **$4,434** | **$39,907** |
| **EBITDA / Net Operating Cash Flow Before (** | **$9,365** | **$9,365** | **$9,365** | **$10,301** | **$10,301** | **$10,301** | **$10,301** | **$3,526** | **$3,526** | **$76,350** |
| **CASH COLLATERAL / CAPITAL ITEMS** | | | | | | | | | | |
| Adequate Protection Payment | $7,615 | $7,615 | $7,615 | $7,615 | $7,615 | $7,615 | $7,615 | $7,615 | $7,615 | $68,535 |
| Deferred Maintenance / Back-to-Par Spend | - | - | - | - | - | - | - | - | - | - |
| **Net Cash Flow After Listed Items** | **$1,750** | **$1,750** | **$1,750** | **$2,686** | **$2,686** | **$2,686** | **$2,686** | **($4,089)** | **($4,089)** | **$7,815** |

*Week 8–9 RevPAR declines because those dates fall in September: JANGM's forecast reduces occupancy to 42.5% from August's 54.8%, while ADR remains $101.*