United States Bankruptcy Court
Southern District of Mississippi

In re:
High Street Hotel Group, LLC
Debtor

Case No. 26-01916-JAW
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0538-3 | User: mssbad | Page 1 of 2
Date Rcvd: Aug 21, 2026 | Form ID: pdf012 | Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 23, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dbpos | + | High Street Hotel Group, LLC, 600 Steed Rd, Ridgeland, MS 39157-9482 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 23, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 21, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Abigail M. Marbury | on behalf of U.S. Trustee United States Trustee abigail.m.marbury@usdoj.gov |
| Chad J. Hammons | on behalf of Creditor RSS BBCMS2017-C1-MS HSH LLC chammons@joneswalker.com, mgreen@joneswalker.com;chad-hammons-2384@ecf.pacerpro.com |
| Michael A Shaw | on behalf of Creditor RSS BBCMS2017-C1-MS HSH LLC tshaw@joneswalker.com, mhocutt@joneswalker.com;miamiservice@joneswalker.com;sdrobny@joneswalker.com;tony-shaw-6809@ecf.pacerpro.com |
| Stephen P. Drobny | on behalf of Creditor RSS BBCMS2017-C1-MS HSH LLC sdrobny@joneswalker.com |
| Sylvie Derdeyn Robinson | on behalf of Creditor MISSISSIPPI DEPARTMENT OF REVENUE bankruptcy.attorney@dor.ms.gov |

| | |
|---|---|
| Thomas Carl Rollins, Jr | on behalf of Debtor In Possession High Street Hotel Group LLC trollins@therollinsfirm.com, jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

TOTAL: 7

**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: August 21, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE:** | **CASE NO. 26-01916-JAW** |
| **HIGH STREET HOTEL GROUP, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

# **<u>AGREED SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION</u>**

This matter came before the Court on the Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral; to Require Turnover and Redirection of Hotel Receipts; to Prohibit Postpetition Sweeps and Interception; and for Related Adequate-Protection Relief (DK# 11) (the "Motion"). The Court previously entered its Agreed Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection (DK# 29) (the "First Interim Order"). The Debtor, RSS BBCMS2017-C1 - MS HSH, LLC (the "Lender"), and the United States Trustee have agreed to the further interim relief stated below. Also appearing in connection with the cash-collateral proceedings were Sylvie D. Robinson on behalf of the Mississippi Department of Revenue and James E. Graves, III on behalf of the United States Small Business Administration. The Court finds that notice is sufficient for further interim relief and that entry of this Order is in the best interests of the estate and its creditors. It is therefore ORDERED:

1. The Motion is granted on a further interim basis as provided in this Order.



#112236645v1

2. Lender has a valid, first priority lien on the Hotel and all of the Debtor's cash collateral.[1] Through September 9, 2026, at 11:00 a.m., unless extended by agreement of the parties or further order of the Court, the Debtor is authorized under 11 U.S.C. § 363(c)(2) to collect and use cash collateral solely for reasonable and necessary operating expenses in accordance with the budget attached as Exhibit A to the First Interim Order (the "Budget"), together with the additional expenditures specifically authorized by this Order.

3. Debtor irrevocably stipulates that the outstanding principal balance as of the Petition Date was $4,986,460.02. Lender asserts total indebtedness of $6,372,394.67. Debtor reserves all rights regarding the calculation and allowance of interest, default interest, fees, charges, yield maintenance and other amounts included in the asserted indebtedness. Nothing in this Order shall constitute an allowance of the Lender's claim under 11 U.S.C. § 502 for any amount in addition to the stipulated principal balance or a waiver of the Debtor's or any other party in interest's rights with respect to the calculation or allowance of any interest, default interest, fees, charges, yield maintenance, expenses, or other amounts asserted by the Lender above the acknowledged principal balance.

4. Any and all monies withheld from employees or collected from others in trust under Mississippi State Law, including without limitation sales taxes, withholding taxes, and other trust-fund taxes, shall not be the cash collateral of any party and any liens or lien rights granted to any party shall not attach to these monies. The Debtor shall timely remit all such trust-fund monies and shall remain current on all postpetition trust-fund tax obligations in accordance with applicable law, the Tax Order (Dkt. #7), and this paragraph, notwithstanding whether such amounts are expressly included in the Budget. Upon request by MDOR's counsel, the Debtor shall promptly

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

make available records related to Debtor's compliance with the Tax Order and this paragraph. MDOR may seek additional relief with respect to the trust-fund monies.

5. The Debtor shall continue to pay the Lender adequate-protection payments of $33,516.35 every thirty days, consistent with the First Interim Order, until confirmation of a plan, dismissal or conversion of this case, entry of an order terminating the Debtor's authority to use cash collateral, or further order of the Court.

6. Lender is granted a replacement lien on postpetition cash collateral and proceeds of the same type and with the same validity, priority, and extent as its prepetition lien.

7. The Lender and its servicers and agents may continue to retain the separate reserve account, real estate tax escrow account, REO account and insurance escrow account, subject to further order of the Court or agreement of the parties. All parties reserve their respective rights concerning the ownership, application, turnover, or other treatment of such funds.

8. The Debtor shall maintain insurance coverage on the Hotel. The Debtor is authorized to use cash collateral to pay the Debtor's allocated portion of each monthly property-insurance premium installment attributable to the Debtor's Hotel. The applicable property-insurance policy is maintained as part of a master insurance program issued in the name of Desai Hotel Group, LLC that provides coverage for the Debtor's Hotel and certain nondebtor affiliated hotels under common ownership. The amounts authorized under this paragraph represent only the portion of the property-insurance premium allocated to the Debtor's Hotel, and nothing in this Order authorizes the Debtor to pay any portion of an insurance premium attributable to a nondebtor affiliate.

9. Notwithstanding anything in the Motion, the Budget, or this Order to the contrary, all postpetition franchise fees due under that certain Holiday Inn Express & Suites Hotel Conversion License Agreement dated September 20, 2012 (as may have been amended, the

"License Agreement") by and between Holiday Hospitality Franchising, LLC, as licensor, and Debtor, as licensee, shall be paid in the ordinary course in full on or before the 15th of each month.

10. Notwithstanding anything in the Motion, the Budget, or this Order to the contrary, the Debtor is specifically authorized to use cash collateral to pay up to $19,900.00 to Entergy Mississippi, LLC ("Entergy") on or before August 28, 2026, as an adequate-assurance deposit pursuant to 11 U.S.C. § 366(c) for continued electric service to the Debtor's Hotel. The payment of the $19,900.00 deposit is expressly authorized whether or not separately included as a line item in the Budget and shall be deemed an authorized expenditure under this Order and the Budget. The Debtor is further authorized to pay all charges for postpetition electric service provided by Entergy in the ordinary course and in accordance with the Budget.

11. The Debtor shall maintain its books and records, timely pay all postpetition taxes and other obligations required by applicable law and orders of this Court, including all postpetition trust-fund taxes as required by the Tax Order (Dkt. #7) and paragraph 4 of this Order, and provide the Lender weekly cash-receipts and disbursement reports and reasonable access to occupancy, revenue, and bank-account information. The Debtor shall promptly furnish such additional reporting as the Lender may reasonably request.

12. The Debtor shall not use cash collateral for owner distributions, insider loans, or payments outside the ordinary course except as authorized by the Budget, this Order, or further order of the Court.

13. Except for the Debtor's acknowledgment and stipulation as to the outstanding principal balance owed to Lender and the validity and priority of the Lender's liens as expressly set forth herein, nothing contained in this Order shall constitute a waiver or adjudication of any claim, objection, defense, right of setoff or recoupment, counterclaim, cause of action, or other

right belonging to the Debtor, the estate, or any other party in interest with respect to the Lender or the indebtedness asserted by the Lender.

14. Upon entry of this Order, this Order shall supersede the First Interim Order with respect to the Debtor's prospective use of cash collateral; provided, however, that all payments, transfers, liens, protections, and other acts validly made, granted, or performed pursuant to the First Interim Order before entry of this Order shall remain valid and effective and shall not be affected by the entry of this Order.

15. Except as expressly resolved by this Order, all parties reserve their respective rights concerning the final use of cash collateral, the Budget, adequate protection, the unapplied funds, and all claims, liens, defenses, and remedies not expressly resolved by this Order.

16. The continued final hearing on the Motion is set for Wednesday, September 9, 2026, at 10:00 a.m., at the Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4C, 501 E. Court Street, Jackson, Mississippi.

17. The Court retains jurisdiction to interpret and enforce this Order.

##END OF ORDER##

Approved by:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.
Counsel for the Debtor

/s/ Stephen P. Drobny
Stephen P. Drobny
Counsel for RSS BBCMS2017-C1 - MS HSH, LLC

/s/ Abigail M. Marbury
Abigail M. Marbury
ASSISTANT U.S. TRUSTEE

/s/ Sylvie D. Robinson
Sylvie D. Robinson
Counsel for the Mississippi Department of Revenue

/s/ James E. Graves, III
James E. Graves, III
Counsel for the United States Small Business Administration

Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A. Curry Calvillo (MSBN 104367)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtor

Stephen P. Drobny, FL Bar No. 55732
Admitted Pro Hac Vice
JONES WALKER LLP
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Telephone: (305) 679-5700
Facsimile: (305) 679-5710
Email: sdrobny@joneswalker.com
Counsel for RSS BBCMS2017-C1 - MS HSH, LLCA

BIGAIL M. MARBURY (MSB #99626)
ASSISTANT U.S. TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI 39201
TEL: (601) 965-5245
EMAIL: abigail.m.marbury@usdoj.gov

Sylvie D. Robinson (MSB #8931)
MISSISSIPPI DEPARTMENT OF REVENUE
Post Office Box 22828
Jackson, MS 39225-2828
Telephone: (601) 923-7412
Facsimile: (601) 923-7423
E-mail: sylvie.robinson@dor.ms.gov
Counsel for the Mississippi Department of Revenue

James E. Graves, III (MSBN 102252)
Assistant United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
(601) 965-4480 (Phone)
(601) 965-4032 (Fax)
james.graves@usdoj.gov
Counsel for the United States Small Business Administration