**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: September 11, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: HIGH STREET HOTEL GROUP, LLC,** | **CASE NO. 26-01916-JAW** |
| **Debtor.** | **CHAPTER 11** |

# AGREED FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter came before the Court on the Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral; to Require Turnover and Redirection of Hotel Receipts; to Prohibit Postpetition Sweeps and Interception; and for Related Adequate-Protection Relief (DK# 11) (the "Motion"). The Court previously entered its Agreed Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection (DK# 29) (the "First Interim Order"). The Court also entered its Agreed Second Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection on August 21, 2026 (DK# 45) (the "Second Interim Order"). The Debtor, RSS BBCMS2017-C1 - MS HSH, LLC (the "Lender"), and the United States Trustee have agreed to the final relief stated below. Also appearing in connection with the cash-collateral proceedings were Sylvie D. Robinson on behalf of the Mississippi Department of Revenue and James E. Graves, III on behalf of the United States Small Business Administration. The Court finds that notice is sufficient for final relief, that the Lender is adequately protected as provided herein, and

that entry of this Order is in the best interests of the estate and its creditors. It is therefore ORDERED:

1. The Motion is granted on a final basis as provided in this Order.

2. Lender has a valid, first priority lien on the Hotel and all of the Debtor's cash collateral.[1] During the term of this Order, the Debtor is authorized under 11 U.S.C. § 363(c)(2) to collect and use cash collateral solely for reasonable and necessary operating expenses in accordance with the budget attached hereto as Exhibit A (the "Budget"), as modified by this Order, together with the additional expenditures specifically authorized by this Order.

3. Notwithstanding anything to the contrary in Exhibit A, total departmental expenses, including the Rooms Department and Other Operated Department categories, shall not exceed $527,406.00 annually, or $43,950.50 per month, subject to the generally applicable permitted variance in paragraph 4 of this Order. These amounts supersede the departmental-expense amounts shown in Exhibit A, and the Budget's expense totals shall be read subject to this adjustment.

4. The Debtor is permitted a ten percent (10%) variance above each budgeted expense category or line item and above total budgeted expenses, measured on a monthly basis, without further consent or order of the Court. This variance applies generally to all budgeted expense categories and to the adjusted departmental-expense limits in paragraph 3; it is not limited to departmental expenses. The variance does not authorize any use otherwise prohibited by this Order or reduce, defer, or excuse adequate-protection payments, franchise fees, taxes, or insurance payments required by this Order. Expenditures otherwise expressly authorized by this Order remain authorized.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

5. Debtor irrevocably stipulates that the outstanding principal balance as of the Petition Date was $4,986,460.02. Lender asserts total indebtedness of $6,372,394.67. Debtor reserves all rights regarding the calculation and allowance of interest, default interest, fees, charges, yield maintenance and other amounts included in the asserted indebtedness. Nothing in this Order shall constitute an allowance of the Lender's claim under 11 U.S.C. § 502 for any amount in addition to the stipulated principal balance or a waiver of the Debtor's or any other party in interest's rights with respect to the calculation or allowance of any interest, default interest, fees, charges, yield maintenance, expenses, or other amounts asserted by the Lender above the acknowledged principal balance.

6. Any and all monies withheld from employees or collected from others in trust under Mississippi State Law, including without limitation sales taxes, withholding taxes, and other trust-fund taxes, shall not be the cash collateral of any party and any liens or lien rights granted to any party shall not attach to these monies. The Debtor shall timely remit all such trust-fund monies and shall remain current on all postpetition trust-fund tax obligations in accordance with applicable law, the Tax Order (Dkt. #7), and this paragraph, notwithstanding whether such amounts are expressly included in the Budget. Upon request by MDOR's counsel, the Debtor shall promptly make available records related to Debtor's compliance with the Tax Order and this paragraph. MDOR may seek additional relief with respect to the trust-fund monies.

7. The Debtor shall continue to pay the Lender adequate-protection payments of $33,516.35 every thirty days, consistent with the First Interim Order, until confirmation of a plan, dismissal or conversion of this case, entry of an order terminating the Debtor's authority to use cash collateral, or further order of the Court.

8. Lender is granted a replacement lien on postpetition cash collateral and proceeds of the same type and with the same validity, priority, and extent as its prepetition lien.

9. The Lender and its servicers and agents may continue to retain the separate reserve account, real estate tax escrow account, REO account and insurance escrow account, subject to further order of the Court or agreement of the parties. All parties reserve their respective rights concerning the ownership, application, turnover, or other treatment of such funds.

10. The Debtor shall maintain insurance coverage on the Hotel. The Debtor is authorized to use cash collateral to pay the Debtor's allocated portion of each monthly property-insurance premium installment attributable to the Debtor's Hotel. The applicable property-insurance policy is maintained as part of a master insurance program issued in the name of Desai Hotel Group, LLC that provides coverage for the Debtor's Hotel and certain nondebtor affiliated hotels under common ownership. The amounts authorized under this paragraph represent only the portion of the property-insurance premium allocated to the Debtor's Hotel, and nothing in this Order authorizes the Debtor to pay any portion of an insurance premium attributable to a nondebtor affiliate.

11. Notwithstanding anything in the Motion, the Budget, or this Order to the contrary, all postpetition franchise fees due under that certain Holiday Inn Express & Suites Hotel Conversion License Agreement dated September 20, 2012 (as may have been amended, the "License Agreement") by and between Holiday Hospitality Franchising, LLC, as licensor, and Debtor, as licensee, shall be paid in the ordinary course in full on or before the 15th of each month.

12. Notwithstanding anything in the Motion, the Budget, or this Order to the contrary, the authorization for the Debtor to use cash collateral to pay an adequate-assurance deposit of up to $9,000.00 to Entergy Mississippi, LLC ("Entergy") pursuant to 11 U.S.C. § 366(c) for continued

electric service to the Debtor's Hotel is continued to the extent the deposit has not previously been paid. Any amount previously paid toward the authorized deposit shall be credited against that amount; this Order does not authorize a duplicate deposit. The deposit shall be deemed an authorized expenditure under this Order and the Budget whether or not separately included as a line item in the Budget. The Debtor is further authorized to pay all charges for postpetition electric service provided by Entergy in the ordinary course and in accordance with the Budget.

13. The Debtor shall maintain its books and records, timely pay all postpetition taxes and other obligations required by applicable law and orders of this Court, including all postpetition trust-fund taxes as required by the Tax Order (Dkt. #7) and paragraph 6 of this Order, and provide the Lender weekly cash-receipts and disbursement reports and reasonable access to occupancy, revenue, and bank-account information. The Debtor shall promptly furnish such additional reporting as the Lender may reasonably request.

14. The Debtor shall not use cash collateral for owner distributions, insider loans, or payments outside the ordinary course except as authorized by the Budget, this Order, or further order of the Court.

15. Except for the Debtor's acknowledgment and stipulation as to the outstanding principal balance owed to Lender and the validity and priority of the Lender's liens as expressly set forth herein, nothing contained in this Order shall constitute a waiver or adjudication of any claim, objection, defense, right of setoff or recoupment, counterclaim, cause of action, or other right belonging to the Debtor, the estate, or any other party in interest with respect to the Lender or the indebtedness asserted by the Lender.

16. Upon entry of this Order, this Order shall supersede the First Interim Order and any subsequent interim cash-collateral orders with respect to the Debtor's prospective use of cash

collateral; provided, however, that all payments, transfers, liens, protections, and other acts validly made, granted, or performed pursuant to such interim orders before entry of this Order shall remain valid and effective and shall not be affected by the entry of this Order.

17. Except as expressly resolved by this Order, all parties reserve their respective rights concerning the use of cash collateral, the Budget, adequate protection, the unapplied funds, and all claims, liens, defenses, and remedies not expressly resolved by this Order.

18. Debtor shall file: (i) an application to retain a broker acceptable to Lender to market and sell the Hotel within 10 days of entry of this Order; and (ii) a motion to approve bidding procedures and sell the Hotel pursuant to 11 U.S.C. § 363, in a form acceptable to Lender and subject to Lender's right to credit bid pursuant to 11 U.S.C. § 363(k), within 20 days of entry of this Order.

19. The Debtor's authority to use cash collateral as set forth herein shall immediately terminate in the event that the Debtor utilizes cash collateral other than as expressly permitted herein or authorized by Lender in writing.

20. The Debtor's authority to use cash collateral pursuant to this Order shall continue until the earliest of: (a) confirmation of a Chapter 11 plan; (b) dismissal of this case; (c) conversion of this case to another chapter of the Bankruptcy Code; (d) termination of such authority pursuant to paragraph 19 of this Order; or (e) further order of the Court modifying or terminating such authority.

21. The Court retains jurisdiction to interpret and enforce this Order.

**##END OF ORDER##**

Approved and Agreed to:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)

/s/ Abigail M. Marbury
Abigail M. Marbury (MSB #99626)

/s/ James E. Graves, III
James E. Graves, III (MSBN 102252)

/s/ Chad J. Hammons
Chad J. Hammons (MSB No. 10419)

/s/ Sylvie D. Robinson
Sylvie D. Robinson (MSB #8931)

## COUNSEL CONTACT INFORMATION

**Thomas C. Rollins, Jr. (MSBN 103469)**
Jennifer A. Curry Calvillo (MSBN 104367)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtor

**Chad J. Hammons (MSB No. 10419)**
JONES WALKER LLP
190 East Capitol Street, Suite 800
P.O. Box 427
Jackson, MS 39205-0427
Telephone: (601) 949-4975
Facsimile: (601) 709-8654
Email: chammons@joneswalker.com
Counsel for RSS BBCMS2017-C1 - MS HSH, LLC

**Abigail M. Marbury (MSB #99626)**
ASSISTANT U.S. TRUSTEE
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
501 East Court Street, Suite 6-430
Jackson, Mississippi 39201
Telephone: (601) 965-5245
Email: abigail.m.marbury@usdoj.gov

**Sylvie D. Robinson (MSB #8931)**
MISSISSIPPI DEPARTMENT OF REVENUE
Post Office Box 22828
Jackson, MS 39225-2828
Telephone: (601) 923-7412
Facsimile: (601) 923-7423
Email: sylvie.robinson@dor.ms.gov
Counsel for the Mississippi Department of Revenue

**James E. Graves, III (MSBN 102252)**
Assistant United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone: (601) 965-4480
Facsimile: (601) 965-4032
Email: james.graves@usdoj.gov
Counsel for the United States Small Business Administration

# EXHIBIT A
# CASH COLLATERAL BUDGET

JANGM

| Summary | Aug-26 | Sep-26 | Oct-26 | Nov-26 | Dec-26 | Jan-27 | Feb-27 | Mar-27 | Apr-27 | May-27 | Jun-27 | Jul-27 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rooms Available** | **3,286** | **3,180** | **3,286** | **3,180** | **3,286** | **3,286** | **2,968** | **3,286** | **3,180** | **3,286** | **3,180** | **3,286** | **38,690** |
| **Rooms Rented** | **1295** | **1285** | **1240** | **1139** | **1010** | **1715** | **1545** | **1465** | 1,250 | 1,380 | 1575 | 1540 | 16,439 |
| **Occupancy Percentage** | **39.4%** | **40.4%** | **37.7%** | **35.8%** | **30.7%** | **52.2%** | **52.1%** | **44.6%** | **39.3%** | **42.0%** | **49.5%** | **46.9%** | **42.5%** |
| **Average Daily Rate** | **101** | **105** | **105** | **101** | **104** | **101** | **107** | **104** | 109 | 106 | 107 | 107 | 104.70 |
| **Rev PAR** | **39.80** | **42.43** | **39.62** | **36.18** | **31.97** | **52.71** | **55.57** | **46.37** | **42.85** | **44.37** | **52.75** | **50.15** | **44.48** |
| **Revenues** | | | | | | | | | | | | | |
| Rooms Department | 130,795 | 134,925 | 130,200 | 115,039 | 105,040 | 173,215 | 164,944 | 152,360 | 136,250 | 145,797 | 167,738 | 164,780 | 1,721,083 |
| Other Operated Department | 2,250 | 1,750 | 1,750 | 1,750 | 1,750 | 2,250 | 2,250 | 2,250 | 2,250 | 2,250 | 2,250 | 2,250 | 25,000 |
| **Total Departmental Revenue** | **133,045** | **136,675** | **131,950** | **116,789** | **106,790** | **175,465** | **167,194** | **154,610** | **138,500** | **148,047** | **169,988** | **167,030** | **1,746,083** |
| **Departmental Expenses** | | | | | | | | | | | | | |
| Rooms Department | 44,996 | 43,950 | 44,037 | 41,820 | 40,682 | 51,174 | 46,443 | 47,497 | 43,590 | 46,246 | 48,371 | 48,600 | 547,406 |
| Other Operated Department | 500 | 250 | 250 | 250 | 250 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 5,000 |
| **Total Departmental Expenses** | **45,496** | **44,200** | **44,287** | **42,070** | **40,932** | **51,674** | **46,943** | **47,997** | **44,090** | **46,746** | **48,871** | **49,100** | **552,406** |
| **Total Departmental Income (Loss)** | **87,549** | **92,475** | **87,663** | **74,719** | **65,858** | **123,791** | **120,252** | **106,613** | **94,410** | **101,301** | **121,116** | **117,930** | **1,193,677** |
| **Undistributed Operating Expenses** | | | | | | | | | | | | | |
| Administrative & General | 13,426 | 15,951 | 13,270 | 12,555 | 13,610 | 14,699 | 13,545 | 15,250 | 14,856 | 14,138 | 15,745 | 14,323 | 171,368 |
| Information & TeleCom Systems | 4,079 | 4,079 | 4,079 | 4,079 | 4,079 | 4,079 | 4,079 | 4,079 | 4,079 | 4,079 | 4,079 | 4,079 | 48,950 |
| Sales & Marketing | 15,790 | 16,286 | 15,719 | 13,900 | 12,700 | 20,881 | 19,888 | 18,378 | 16,445 | 17,591 | 20,224 | 19,869 | 207,670 |
| Repairs & Maintenance | 8,515 | 9,835 | 7,880 | 7,735 | 7,880 | 8,515 | 8,081 | 8,515 | 8,370 | 8,515 | 8,370 | 8,515 | 100,726 |
| Utilities | 13,956 | 11,133 | 10,475 | 11,901 | 9,661 | 16,497 | 15,702 | 14,985 | 13,713 | 16,498 | 15,576 | 15,706 | 31,282 |
| **Total Undistributed Expenses** | **55,767** | **57,285** | **51,423** | **50,169** | **47,930** | **64,671** | **61,296** | **61,207** | **57,463** | **60,820** | **63,994** | **62,491** | **694,516** |
| **Gross Operated Profit (Loss)** | **31,783** | **35,189** | **36,239** | **24,549** | **17,928** | **59,120** | **58,956** | **45,407** | **36,947** | **40,480** | **57,122** | **55,439** | **499,160** |
| **Management Fees** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** |
| **Income Before Non-Operating Expenses** | **31,783** | **35,189** | **36,239** | **24,549** | **17,928** | **59,120** | **58,956** | **45,407** | **36,947** | **40,480** | **57,122** | **55,439** | **499,160** |
| **Total Non-Operating Income/Expenses** | **11,768** | **11,768** | **11,768** | **12,025** | **12,025** | **11,768** | **11,768** | **11,768** | **11,768** | **12,025** | **12,025** | **11,768** | **142,239** |
| **EBITDA** | **20,015** | **23,422** | **24,472** | **12,525** | **5,904** | **47,353** | **47,188** | **33,639** | **25,179** | **28,456** | **45,098** | **43,672** | **356,921** |
| **Interest, Depreciation & Amortization** | **33,516** | **33,516** | **33,516** | **33,516** | **33,516** | **33,516** | **33,516** | **33,516** | 33,516 | 33,516 | **33,516** | **33,516** | **402,192** |
| **Asset Management Fee** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** |
| **Prior Year Adjustment** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** |
| **NET INCOME** | **-13,501** | **-10,094** | **-9,044** | **-20,991** | **-27,612** | **13,837** | **13,672** | **123** | **-8,337** | **-5,060** | **11,582** | **10,156** | **-45,271** |