**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: HIGH STREET HOTEL GROUP, LLC,**
**Debtor.**

**CASE NO. 26-01916-JAW**

**CHAPTER 11**

---

# FIRST APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

---

The Rollins Law Firm, PLLC (the "Firm"), counsel for High Street Hotel Group, LLC (the "Debtor"), requests interim allowance of $22,355.25 in fees and $2,067.92 in expenses, for a total of $24,423.17, and authority to apply that amount from the $25,000.00 retainer held in trust. In support, the Firm states:

1. The Debtor filed this Chapter 11 case on July 15, 2026, and continues to operate its hotel as debtor-in-possession. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. The Court approved the Firm's employment by order entered August 11, 2026 (Dkt. 38), following the application filed July 16, 2026 (Dkt. 9). The Firm's engagement agreement and employment disclosures identify the compensation terms and retainer. The Firm seeks allowance under 11 U.S.C. §§ 330 and 331 and Federal Rule of Bankruptcy Procedure 2016.

3. This is the Firm's first fee application. It covers July 14, 2026, through November 12, 2026 (the "Application Period"). The itemized services extend through November 10, 2026. No prior compensation or expense reimbursement has been awarded to the Firm in this case.

4. Desai Companies, LLC funded the $25,000.00 security retainer on the Debtor's behalf, as disclosed in the employment papers. The Firm holds the retainer in trust. Under the engagement agreement, it remains client property pending allowance and authorized

application. Applying the requested award would leave $576.83 in trust. The requested payment will come from this retainer.

5. The fees requested represent 54.9 hours of professional and paraprofessional services at the following rates:

| Timekeeper / service | Hours | Rate | Fees |
|---|---|---|---|
| Thomas C. Rollins, Jr. — legal services | 47.4 | $425.00 | $20,145.00 |
| Thomas C. Rollins, Jr. — travel | 1.3 | $212.50 | $276.25 |
| Jennifer A. Curry Calvillo — attorney | 4.8 | $360.00 | $1,728.00 |
| Kerri Rodabough — paralegal | 1.2 | $155.00 | $186.00 |
| Grayson Morrison — legal assistant | 0.2 | $100.00 | $20.00 |
| Total | 54.9 | | $22,355.25 |

6. Mr. Rollins was admitted to practice in Mississippi in 2010, and Ms. Curry Calvillo was admitted in 2013. Both practice bankruptcy law. The hourly rates are those disclosed in the engagement terms. Travel is requested at one-half of Mr. Rollins's ordinary rate. Attorney services, including travel, total 53.5 hours and $22,149.25, for a blended attorney rate of $414.00 per hour.

7. The principal work involved obtaining authority to use cash collateral, negotiating operating budgets and adequate protection, addressing operating-account and payroll issues, preparing schedules and reports, attending the debtor interview and meeting of creditors, obtaining professional employment, advising about utility and vendor obligations, and developing a proposed hotel sale with the secured lender. The Court entered final cash-collateral relief on September 11, 2026 (Dkt. 58).

8. Exhibit A contains the Firm's itemized Clio invoice, with the services, timekeepers, time, rates, and expenses listed by date. The invoice supports the full amount requested in this Application.

9. The Firm reviewed its billing and reduced the request where appropriate. The time requested was reasonably necessary to the administration of the case or reasonably likely to benefit the estate when the services were performed. The requested fees reflect the time required, the experience of the persons performing the work, the disclosed rates, and the issues presented in this case.

10. In addition to the considerations under 11 U.S.C. § 330(a), the Firm has considered the twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989). The Fifth Circuit applied these factors in bankruptcy cases in In re First Colonial Corp. of America, 544 F.2d 1291, 1298–99 (5th Cir. 1977). The Firm seeks the fees calculated from the hours and rates shown above, without an enhancement. The factors apply as follows:

    (a) **Time and labor required.** The request covers 54.9 hours during the first four months of the case. Exhibit A identifies the services and time spent. The work included cash-collateral proceedings, required disclosures and reports, professional employment, operating issues, and sale planning. The Firm reviewed and reduced its billing before making this request.

    (b) **Novelty and difficulty of the questions.** The work required applying Chapter 11 requirements to an operating hotel, including the use of cash collateral, adequate protection, utility and vendor obligations, and a proposed sale. The need to address those matters while operations continued affected the work required and the time spent.

    (c) **Skill required.** The representation required bankruptcy experience to negotiate operating authority, prepare the required pleadings and disclosures, advise the Debtor

concerning payment restrictions, and coordinate sale discussions with lender's counsel. The rates reflect the responsibilities of the attorneys and staff performing those services.

(d) **Preclusion of other employment.** The case required counsel's attention for the hours billed and at the hearings and deadlines reflected in Exhibit A. The Firm does not seek an additional allowance for other work it may have been unable to accept.

(e) **Customary fee.** The attorney rates of $425.00 and $360.00 and the staff rates of $155.00 and $100.00 are the hourly rates stated in the engagement agreement and disclosed in the employment papers. The Firm submits that these rates are reasonable for the experience and responsibilities of the persons performing the work. Mr. Rollins's travel is requested at one-half of his ordinary rate.

(f) **Whether the fee is fixed or contingent.** The engagement provides for hourly compensation, subject to Court allowance. Compensation is not contingent on a sale or confirmation. The $25,000.00 retainer secures payment and is not a flat fee.

(g) **Time limitations.** The early cash-collateral, operating-account, and payroll issues required prompt attention so the hotel could continue operating. Counsel also worked within the deadlines for disclosures, hearings, the meeting of creditors, and the exclusivity motion. Those demands are reflected in the recorded time.

(h) **Amount involved and results obtained.** The services supported continued hotel operations and resulted in final cash-collateral authority entered September 11, 2026 (Dkt. 58). Counsel also obtained professional employment and advanced discussions concerning a hotel sale. The $22,355.25 fee request concerns work performed through this stage of the case; the proposed sale and plan remain in development.

(i) **Experience, reputation, and ability.** Mr. Rollins has practiced in Mississippi since 2010, and Ms. Curry Calvillo since 2013. Both practice bankruptcy law. As stated in the employment application, the Firm has substantial experience representing business debtors in Chapter 11 cases in this District. That experience informed the work performed and is reflected in the requested rates.

(j) **Undesirability of the case.** The demands of representing an operating hotel are addressed in the services and time reported. The Firm seeks no premium based on the perceived undesirability of the representation.

(k) **Nature and length of the professional relationship.** The engagement concerns the Debtor's Chapter 11 case and included preparation for filing. During the Application Period, the Firm developed familiarity with the hotel's finances, operations, lender issues, and restructuring alternatives that informed its ongoing advice and sale work.

(l) **Awards in similar cases.** The Firm submits that $22,355.25 for 54.9 hours at the identified rates is reasonable for the initial administration of an operating hotel Chapter 11 case. The request rests on the services documented in Exhibit A, the experience of counsel, and the results to date. The Firm requests no adjustment under this factor.

11. The requested expenses are the $1,738.00 Chapter 11 filing fee and $329.92 in mailing charges, itemized in Exhibit A. Exhibit B contains the five mailing invoices. The Firm seeks reimbursement without a markup.

12. The Debtor and secured lender continue to work toward a proposed hotel sale. No plan or disclosure statement has been filed. The Debtor filed its motion to extend the exclusivity

periods on October 22, 2026 (Dkt. 62). The timing and terms of a plan will depend on the sale process and the resulting treatment of claims.

13. The Debtor is being furnished this Application and the supporting invoice for review. The Firm has no agreement to share the compensation requested with anyone other than members of the Firm. The supporting affidavit of Thomas C. Rollins, Jr. is attached.

WHEREFORE, the Firm respectfully requests that the Court approve this Application; allow interim fees of $22,355.25 and expense reimbursement of $2,067.92, totaling $24,423.17; authorize the Firm to apply that amount from the retainer held in trust; and award such other relief as is appropriate. The interim award remains subject to final review under 11 U.S.C. § 330.

Respectfully submitted,

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtor-in-Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: HIGH STREET HOTEL GROUP, LLC,** | **CASE NO. 26-01916-JAW** |
| **Debtor.** | **CHAPTER 11** |

## CERTIFICATE OF SERVICE

I certify that on November 17, 2026, I served a true and correct copy of the First Application for Interim Allowance of Compensation and Reimbursement of Expenses, supporting affidavit, Exhibits A and B, and Notice on the Debtor, the United States Trustee, all creditors, and all other parties entitled to notice. Service was made electronically through CM/ECF on registered recipients and by first-class United States mail, postage prepaid, on the remaining recipients identified in the attached service list.

The attached service list identifies the persons served by mail and their addresses.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtor-in-Possession